No. 2675

Second Circuit

---

POULSON v. BLANCHARD

---

(Feb. 24, 1927.   Opinion and Decree.)

---

*(Syllabus by the Court.)*

1.  **Louisiana Digest—Attorneys—Par. 45.**

A lawyer owes to his client a definite accounting for moneys entrusted to him by his client; and he will not be relieved of this duty by proof of a vague recollection that such moneys were to some extent expended by him for the benefit of his client.

2. **Louisiana Digest—Appeal—Par. 625.**

The findings of fact of a district judge will not be disturbed on appeal unless clearly erroneous.

Cunningham vs. Middleton, 4 La. App. 643.

3. **Louisiana    Digest—Parties—Par.    22; Pleading—Par. 54, 59.**

Plaintiff's alleged lack of capacity to sue for the return of moneys deposited by her brother with defendant for her account should have been raised by exception in limine.

Gualden vs. K. C. S. Ry. Co., 106 La. 410, 30 So. 889.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. F. X. Ransdall, Judge.

Action by Mrs. A. M. Poulson against Frank A. Blanchard.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Barnette & Roberts, of Shreveport, attorneys for defendant, appellant.

## STATEMENT OF THE CASE

REYNOLDS, J.    Plaintiff is the mother of a young man who put worthless checks in circulation and she brings this suit to recover $1000.00 of $1500.00 deposited by her brother with defendant for her account to secure defendant against loss by reason of his having become surety on a bail bond of the young man.

The bond was reduced from its original amount to $300.00, and, as reduced, was forfeited and was paid by defendant.

After deducting the $300.00 and allowing defendant a fee of $200.00, plaintiff filed this suit to recover the remaining $1000.00.

Defendant denied liability, and alleged that he had paid out the $1000.00 and more in taking up worthless checks that plaintiff's son had put in circulation.

On these issues the case was tried and there was judgment in favor of the plaintiff and defendant appealed.

## OPINION

Defendant admits h a v i n g received $1500.00 from plaintiff's brother, F. C. Hedrick, and that the amount of the bail bond that he signed as surety was reduced to $300.00, but alleges that the bond as reduced was forfeited and that he paid it; and he establishes by his own testimony and that of District Attorney L. C. Blanchard and the then Assistant Attorney Earl H. Crane that he paid numerous worthless checks that had been put in circulation by plaintiff's son; but he failed to establish either by his own testimony or that of his other witnesses the amount of any such check or the name of the person to whom he paid it.

Considering the great responsibility resting upon a lawyer to faithfully account to his client for moneys deposited with him by his client for a specific purpose, we are convinced that defendant's evidence is not sufficiently definite to establish the special defense set up by him. The burden was on him to prove his special defense by clear and positive evidence. His entire defense rests upon proof of recollections by him that are vague, uncertain and indefinite. In our opinion his special defense has not been established.

Defendant insists that he did not deal with plaintiff and therefore owes her no accounting. But this defense should have been urged by exception in limine.

The evidence clearly establishes that the $1500.00 deposited with him belonged to

plaintiff and that it was put in his hands by her brother acting as her agent. She therefore has a cause of action to sue for the return of the $1000.00.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.